**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Soccretes Joieshawn Holmes,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-13-02256-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") (Doc. 13) issued by United States Magistrate Judge James F. Metcalf. The Petition alleges a single ground for relief – ineffective assistance of counsel ("IAC") during plea negotiations based upon *Missouri v. Frye*, 566 U.S. 133 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). After a thorough and comprehensive analysis, Magistrate Judge Metcalf found that "Petitioner ultimately procedurally defaulted on th[e] [foregoing] claim by failing to seek review by the Arizona Court of Appeals[.]"[1] (Doc. 13 at 13:20-21). "Instead, Petitioner bypassed the . . . Court of Appeals, and filed a Petition for Review by the Arizona Supreme Court."[2] (*Id.* at 14:4-5) (citation omitted). Lastly, with

---

[1] For brevity, hereinafter this Court shall be referred to as the Court of Appeals.

[2] For brevity hereinafter this Court shall be referred to as the Supreme Court.

respect to procedural default, the Magistrate Judge found that Petitioner could not "return to the Arizona Court of Appeals to seek review[]" because such review would not be timely under Arizona Rule of Criminal Procedure 32.9(c), which "requires that a petition for review of the denial of a petition for post-conviction relief be filed '[w]ithin 30 days after the final decision of the trial court.'" (*Id*. at 14:23-26).

Given that finding of procedural default, the Magistrate Judge necessarily considered whether Petitioner had shown the requisite cause and prejudice to excuse such default. The Magistrate Judge concluded that Petitioner did not establish cause for his procedural default because he did not assert such cause in his reply or in his Petition. In light of that no cause finding, there was no need, as the Magistrate Judge accurately stated, to "examine the merits of Petitioner's claims or the purported 'prejudice' to find an absence of cause and prejudice." (Doc. 13 at 15:24-25) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)). Finally, addressing actual innocence as cause, because Petitioner did not "assert any basis for a finding that no reasonable juror would have found him guilty[,]" the Magistrate Judge concluded that Petitioner's "procedurally defaulted claims must be dismissed with prejudice." (*Id*. at 16:20-22). The Magistrate Judge thus recommended dismissal of this Petition with prejudice and denial of a Certificate of Appealability.

*Pro se* petitioner Holmes timely filed objections thereto (Doc. 14). No response was filed. On March 10, 2017, Petitioner filed what the Court deems to be further objections (Doc. 15).³ For the reasons set forth herein, the Court finds Petitioner's

---

³ These objections are not timely. Nonetheless, the Court will briefly address them. Petitioner is claiming, for the first time, that Magistrate Judge Metcalf "abuse[d] his discretion" by filing the R & R three days after this case had been reassigned to this District Court Judge. (Doc. 15 at 1). Petitioner believes that the foregoing violated his constitutional rights. (*Id*. at 2).

Petitioner misunderstands the process for the assignment in this District of a section 2254 Petition such as his. LRCiv 72.1(c) mandates that such a petition, among others, "to which a District Judge has been assigned shall also be referred by the Clerk of the Court to a Magistrate Judge according to Local Rules of Civil Procedure, Rule 3.7(e). That Rule, in turn, provides in relevant part that "[t]he Clerk of the Court must randomly assign . . . habeas corpus petitions to a District Judge *and* randomly refer them to a Magistrate Judge." LRCiv 3.7(e) (emphasis added). When his Petition was filed, in

objections to be without merit. The Court thus adopts and accepts the R & R, denies the Petition and dismisses it with prejudice.

**I. Background**

The R& R provides a detailed recitation of the lengthy and at times somewhat convoluted procedural history of this action, which includes four post-conviction relief ("PCR") proceedings and a Petition for Review to the Supreme Court. There is no need to repeat that history here, except to clarify one statement in the R & R.

The R & R states, "On April 22, 2013, Petitioner filed in the *Arizona Court of Appeals* a 'Motion for Extension of Time to file Petition for Review by Supreme Court' . . . and a 'Petition for Review by Supreme Court'[.]" (Doc. 13 at 5:8-10) (emphasis added). In that Petition, as here, Petitioner sought application of the Supreme Court's decisions in *Frye* and *Lafler*. In any event, actually these two documents were filed in the Supreme Court – not the Court of Appeals.[4] This inadvertent misstatement does not

---

accordance with those Rules, the Clerk of the Court assigned this case to District Court Judge Susan R. Bolton and referred it to then Magistrate Judge Steven P. Logan. (Doc. 3). After granting Petitioner's Application to Proceed *In Forma Pauperis*, Judge Bolton referred this matter to then "Magistrate Judge Steven P. Logan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation." (Doc. 4 at 4:1-3). After the Petition was fully briefed, but before the issuance of the R & R, then Magistrate Judge Logan was appointed to fill one of several District Court Judge vacancies. Thereafter, Magistrate Judge Metcalf was reassigned as the referral Magistrate Judge. (Doc. 11). Several months later, when the newly appointed District Court Judges had all taken their oaths of office, the Clerk of the Court randomly selected a number of cases for reassignment to the then recently appointed District Court Judges. This case was among those reassigned from Judge Bolton to this Court. As can be seen, the assignments and reassignments in this case were all procedurally and administratively proper and in no way violated any of Plaintiff's constitutional rights.

[4] Admittedly, both the handwritten Motion and Petition include at the top the phrase, "In The Court of Appeals State of Arizona Division One[.]" (Doc. 10-4 at 144 and 149). Also handwritten on both documents (presumably by Petitioner or someone acting at his behest), is the Court of Appeals case number for Petitioner's second PCR proceeding, "No. 1-CA-CR-0268 PRPC[,]" wherein he did *not* raise an IAC based upon *Frye* and *Lafler*. (*Id*.) There is no indication thereon or elsewhere in the record, however, that either the Motion or the Petition actually was filed in the Arizona Court of Appeals. Rather, as shown on the face of both documents and the Arizona Supreme Court's docket, the Petition and Motion were filed in that Court on April 22, 2013. (*Id*. at 144; 149; and 167). Thereafter, on April 30, 2013, the Supreme Court "granted the motion to extend[,]" and deemed the Petition to be "filed as of April 22, 2013." (*Id*. at 163). On August 20, 2013the Arizona Supreme Court denied the Petition for Review. (*Id*. at 165).

in any way change or diminish Magistrate Judge Metcalf's sound reasoning. This is because the R & R goes on to accurately explain, and the record establishes, that the Motion for an Extension and the Petition for Review in the fourth PCR proceeding were filed in the Supreme Court and that amounts to a procedural bar.

**II. Standard of Review**

"The Federal Magistrate Judge Act 'distinguishes between nondispositive matters under 28 U.S.C. § 636(b)(1)(A) and dispositive matters heard pursuant to 28 U.S.C. § 636(b)(1)(B)' with respect to, *inter alia*, the standard of review." *Velazquez v. United States*, 2014 WL 2738524, at *6 (D.Ariz. June 17, 2014) (quoting *United States v. Abonce–Barrera*, 257 F.3d 959, 968 (9th Cir. 2001)). "Generally, non-dispositive motions are subject to review under the clearly erroneous or contrary to law standard, 28 U.S.C. § 636(b)(1)(A); and Fed.R.Civ.P. 72(a), whereas dispositive motions are subject to *de novo* review. 28 U.S.C. § 636(b)(1); and Fed.R.Civ.P. 72(b)(3)." *Id.* (internal quotation marks and citation omitted).

"Dispositive matters specifically embraced by [28 U.S.C.] § 636(b)(1)(B) include applications for posttrial relief made by individuals convicted of criminal offenses[,]" such as Petitioner. *Velazquez*, 2014 WL 2738524, at *6 (internal quotation marks and citations omitted). "Thus, the governing standard of review here is *de novo*." *Id.* Under this standard, "[a]lthough a de novo hearing is not necessary, the district court must arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendations to which a party objects." *Id.* at *7 (internal quotation marks and citations omitted); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") With the foregoing firmly in mind, the Court turns to Petitioner's specific objections to the R & R.

. . . .

**III. Analysis**

    **A. Procedural Default**

Carefully sorting through Petitioner's various PCR petitions, the Magistrate Judge "liberally construe[d] the Petition as asserting exhaustion of Petitioner's state remedies in his fourth PCR proceeding and that petition for review to the Arizona Supreme Court." (Doc. 13 at 6:24-26). Petitioner does not object to this construction and the Court finds it to be fair and reasonable. What Petitioner does object to though is the Magistrate Judge's procedural default finding. In particular, Petitioner objects to the finding that he procedurally defaulted as to his fourth PCR petition, by not seeking review in the Court of Appeals and instead seeking Supreme Court review.

In making this objection, Petitioner states that the Supreme Court's orders granting him an extension of time in which to file his Petition for Review, and later denying that Petition, "both identify this Petition for Review to the . . . Supreme Court []as *first being* in the . . . Court of Appeals as 1 CA-CR 11-0268 PRPC." (Doc. 14 at 3) (emphasis added). The fact that those Supreme Court orders include the Court of Appeals case number from Petitioner's second PCR petition, does not establish, as Petitioner urges, that he filed and sought review of his fourth such petition in the Court of Appeals prior to seeking Supreme Court review.

Petitioner further claims that "supporting documentation *will prove* that while the [Court of Appeals] number was first used in" his second Petition filed in the Court of Appeals in 2001, "for some reason[,] [that same number] was used again in this action." (Doc. 14 at 3) (emphasis added). If Petitioner had any such supporting documentation, it was his obligation to provide it as part of his Petition. He did not. Regardless, logically it would appear that the Supreme Court's orders simply reflected the Court of Appeals case number from Petitioner's second PCR Petition, as that case number was handwritten on the Petition and Motion, both of which Petitioner or someone at his behest drafted. Given that Petitioner filed his third and fourth Petitions for Review while his second still was pending, it is not surprising that he, or someone assisting him,

became confused as to which Petition had been filed in which Court and when.

In discussing Petitioner's filing of a Petition for Review in the Supreme Court in his fourth PCR proceeding, the Magistrate Judge noted that that Court's "Docket reflects that the . . . Court of Appeals reported that there was no record to be provided in the matter." (Doc. 13 at 5:16-18) (citation omitted). Relying upon the Court of Appeals March 21, 2013 order striking his motion for consideration (Doc. 10-3 at 121), Petitioner challenges the statement that there was no record to be provided in his fourth proceeding. That order, however, pertained to Petitioner's second PCR Petition, not his fourth. Further, the Court of Appeals docket as to Petitioner's second PCR Petition, indicates that pursuant to the Supreme Court's request, a partial record was forwarded to the Supreme Court in that case. (Doc. 10-4 at 30). Even if perhaps there was some confusion as to which Petition was before the Supreme Court, the second or fourth, that does not change the fact that Petitioner's IAC during the plea process based upon *Frye* and *Lafler* was not presented to the Court of Appeals. Indeed, as the Magistrate soundly reasoned, and as set forth below, Petitioner's failure to present that particular IAC to the Court of Appeals barred his ability to seek federal habeas review of such claim.

Attempting to show that despite the Magistrate Judge's contrary finding, Petitioner sought Court of Appeals review of his fourth PCR, Petitioner again directs the Court's to the Court of Appeals March 21, 2013 order, wherein that Court struck Petitioner's motion for reconsideration of that Court's February 27, 2013 order denying review of his second PCR – not his fourth. (Doc. 10-4 at 159). Thus, this particular order does nothing to advance Petitioner's argument that the Magistrate Judge erroneously found that Petitioner procedurally defaulted as to his fourth PCR by not first seeking review in the Court of Appeals.

Petitioner's objections to the finding of procedural default are even more unpersuasive when the Court considers the Magistrate Judge's sound legal analysis, to which Petitioner did not object. "Presentation at the supreme court level, but not at the intermediate appellate court level was inadequate[,]" the Magistrate Judge found, because

"'a petitioner must properly raise [his claim] on *every level* of direct review.'" (Doc. 13 at 14:7-9 (quoting *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004)) (emphasis added). The Magistrate Judge further found that "Petitioner's Petition for Review to the Arizona Supreme Court was neither a fair presentation to that court, nor was it sufficient to exhaust an entire round of Arizona's post[-]conviction relief process[]" as to the IAC during plea proceedings based upon *Frye* and *Lafler*. (*Id*. at 14:20-22). The basis for this finding is the well-established principle, relied upon by the Magistrate Judge, that "'[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.'" (*Id*. at 14:17-19) (quoting *Roettegen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). In short, upon de novo review, the Court agrees with the Magistrate Judge and finds that Petitioner procedurally defaulted his state remedies on the single ground raised in his Petition, that is, his IAC based upon the plea proceedings.

### B. Failure to Transfer Petition for Review

Switching gears, Petitioner is willing to assume for the sake of argument that he did procedurally default by "filing his petition for review in the Arizona Supreme Court instead of the Arizona Court of Appeals[.]" (Doc. 14 at 5). Nevertheless, Petitioner contends that "Arizona law required that the petition for review by given to the Arizona Court of Appeals[.]" (*Id.*) And because that was not done, Petitioner maintains that the "Arizona Supreme Court took action which it had no authority to do and impeded [his] opportunity to procedurally exhaust his State remedies." (*Id.*)

In making this argument, Petitioner is relying upon A.R.S. §§ 12-120.22(B) and 12-120.23. The former states, "No case, appeal or petition for a writ brought in the supreme court or court of appeals shall be dismissed for the reason only that it was not brought in the proper court or division, but it shall be transferred to the proper court of division." A.R.S. § 12-120.22(B). This statute is inapplicable because the Supreme Court did not dismiss the Petition for Review because it was not brought in the "proper

court or division[.]" *See id*. Rather, the Supreme Court denied that Petition without comment. (Doc. 10-4 at 165). The Supreme Court was thus under no statutory obligation to transfer that Petition to the Court of Appeals, as Petitioner claims.

Section 12-120.23 is inapplicable as well. That statute reads as follows: The supreme court *may* transfer to the court of appeals for decision a case or appeal pending before the supreme court if the case or appeal is within the jurisdiction of the court of appeals." A.R.S. § 12-120.23 (emphasis added). Given the discretionary nature of this statute, there is no merit to Petitioner's contention that Arizona law "required" that the Supreme Court transfer his Petition for Review to the Court of Appeals. (*See* Doc. 14 at 6). Consequently, Petitioner's objections to the R&R based upon the foregoing statutes are not valid. Moreover, even if these statutes could somehow be read as applying here, as the Magistrate Judge correctly found, albeit in a different context, "Petitioner[] cannot now return to the . . . Court of Appeals to seek review." (Doc. 13 at 14:23-24). It is simply far too late in the day for that given that "Arizona Rule of Criminal Procedure 32.9(c) requires that a petition for review of the denial of a petition for post-conviction relief be filed '[w]ithin 30 days after the final decision of the trial court.'" (*Id.* at 14:24-26).

The Court has reviewed the remainder of Plaintiff's objections and finds them to be without merit.

**IV. Conclusion**

After performing its own de novo review, the Court has independently concluded that the Magistrate Judge's R & R is legally sound. Thus, based upon on the foregoing,

**IT IS ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 13) is **accepted** and **adopted.** Petitioner's Objections (Doc. 14) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis

on appeal are **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 8th day of May, 2017.

Honorable Diane J. Humetewa
United States District Judge